## 1512

Ronald BENCHOFF, Appellant v. Mark Anthony MORGAN and Otto J. Morgan, Respondents.

(394 S.E. (2d) 19)

Court of Appeals

*Eddie R. Harbin*, Greenville, *for appellant.*

*Cary C. Doyle* and *John M. O'Rourke*, both of *Doyle & O'Rourke*, Anderson, *for respondents.*

Heard May 8, 1990.

Decided June 18, 1990.

SHAW, Judge:

Ronald F. Benchoff instituted this action against Mark Anthony Morgan and Otto J. Morgan seeking damages for injuries incurred when he was struck by an automobile driven by Mark Anthony Morgan. The trial judge granted Otto J. Morgan's motion for a nonsuit with prejudice on the ground that family purpose had not been established. The case proceeded before the jury which returned a verdict in favor of Mark Anthony Morgan. Benchoff appeals the denial of his various motions and the grant of Otto Morgan's motion for nonsuit with prejudice. We affirm.

On June 23, 1984, Benchoff, while crossing a four lane road, was struck by an automobile driven by Mark Morgan. Benchoff sued Mark Morgan and his father, Otto Morgan, alleging Mark was guilty of negligence and gross negligence. Mark and Otto Morgan answered with a general denial and asserted the defenses of contributory negligence, unavoidable accident, sudden emergency and assumption of the risk. Following the close of Benchoff's case, Otto Morgan moved for a nonsuit with prejudice based on the failure of Benchoff to establish family purpose. The trial judge found family purpose was not established and granted the nonsuit. The case proceeded before the jury with the trial judge charging the defenses of contributory negligence, sudden emergency and assumption of the risk. The jury returned a verdict for Mark Morgan and Benchoff appeals arguing various errors on the part of the trial judge in charging and failing to charge the jury, in admitting certain evidence, and in granting Otto Morgan's motion for nonsuit.

Benchoff first contends the sole inference to be drawn from the evidence is that even if he himself were negligent, Mark Morgan was reckless and he was therefore entitled to a directed verdict. We disagree. In an action at law on appeal of a case tried before a jury, jurisdiction of this court extends merely to correction of errors of law and a factual finding of the jury will not be disturbed unless review of the record discloses no evidence which reasonably supports the jury's findings. *Mack v. Riley*, 282 S.C. 100, 316 S.E. (2d) 731 (Ct. App. 1984). Viewing the evidence in the light most favorable to Mark, the record discloses the following facts.

On June 23, 1984 around dusk, Benchoff stood on the sidewalk on the south side of Laurens Road in Greenville County preparing to cross. He stood close to the curb "swaying back and forth as if he weren't sure-footed." He was "leaning" and "rocking" and he started walking across the road at a "slow pace." Benchoff crossed the first eastbound lane and, as he reached the white line dividing that lane from the second eastbound lane, "he made a motion that looked as if he was going back toward the sidewalk but then proceeded to move a little faster towards the median." He was then struck by Mark Morgan.

The speed limit on Laurens Road is 35 m.p.h. Morgan was driving within the posted speed limit. Morgan testified when he saw Benchoff "my first reaction was to go around him to the right, but at that time, he made a motion that looked as if he was going back toward the sidewalk and when he did that, I automatically applied my brakes and made a sharp left to avoid him and when I did that, he came back toward the median." He further stated it was a split second decision, too late to even blow the horn.

The record also reveals evidence that Benchoff was intoxicated at the time of the accident. Records from the hospital where Benchoff was taken indicated Benchoff admitted to "one to five pints ETOH." An emergency room nurse noted that Benchoff admitted to the intake of several beers. His blood alcohol level approximately an hour and a half after the accident was 285 milligrams per deciliter. Witnesses at the scene testified he smelled of alcohol.

Given the evidence set forth above, Benchoff's argument that the sole inference to be drawn is that Morgan is guilty of gross negligence while he is guilty of only simple negligence is patently without merit. Indeed, from this evidence, the jury could have concluded the proximate cause of Benchoff's injuries was the sole negligence of Benchoff himself.

Benchoff also contends the trial judge erred in charging the jury on the doctrine of sudden emergency. He argues that Morgan was travelling at a high and reckless rate of speed and was thus placed in an emergency by his own negligence. The driver of an automobile who, by the negligence of another and not his own, is suddenly placed in an emergency and compelled to act instantly to avoid a collision or an injury, is not guilty of negligence if he makes such a choice as a person of ordinary prudence placed in such a position might make, even though he may not have made the wisest choice. *Porter v. Cook*, 196 S.C. 433, 13 S.E. (2d) 486 (1941). While there is some testimony in the record that Morgan was travelling at a speed above the posted limit, there is contrary testimony from Morgan and other witnesses that he was not. Given the evidence before him, we find the trial judge properly charged the jury on sudden emergency.

Benchoff next contends the trial judge erred in charging the jury on the defense of assumption of risk. The record indicates Benchoff lived near the accident scene and had crossed the road a number of times. He looked in the direction of the approaching traffic and attempted to cross the four lane highway at a point where there was no painted crosswalk. He waited for a car to go by and stepped out in the road behind that car before encountering the automobile driven by Morgan. We thus find the record contains evidence sufficient to charge the jury on the doctrine of assumption of risk. *See Watson v. Sellers*, 299 S.C. 426, 385 S.E. (2d) 369 (Ct. App. 1989) (The requirements for the doctrine of assumption of risk are: (1) the plaintiff has knowledge of the facts constituting a dangerous condition, (2) he knows the condition is dangerous, (3) he appreciates the nature and extent of the danger, and (4) he voluntarily exposes himself to the danger). As to Benchoff's argument challenging the substance of the charge given by the trial judge, this was not raised before the trial judge nor supported by exception. Such argument therefore is not properly before us.

Benchoff next contends the trial judge erred in failing to charge various requested instructions. From the outset, we note Benchoff summarily asserts error and prejudice resulting from the failure of the trial judge to make certain charges. He does not argue these points. *See Cartee v. Cartee*, 295 S.C. 103, 366 S.E. (2d) 269 (Ct. App. 1988) (appellant bears the burden of showing both error and prejudice). Further, prior to his instructions to the jury, the trial judge advised counsel of what law he would charge. Counsel for Benchoff made no objection at that time and, after the jury was charged stated simply, "We'd like to renew our request to charges as we previously handed up." He then objected specifically to the trial judge's failure to charge to the jury "that once a pedestrian crossing the street or roadway at a point other than a marked crosswalk or within an unmarked crosswalk at an intersection has the right to assume that the approaching vehicles . . . will be travelling within the speed limit and not speeding." Benchoff cites no case law or statute in support of this requested charge. Further, the trial judge charged the jury that "no person shall drive a vehicle on a highway at a speed greater than is reasonable and pru-

dent. . . . In every event speed shall be so controlled as may be necessary to avoid colliding with any person . . . in compliance with the legal requirements and the duty of all persons to use due care." We find no error in the failure of the trial judge to charge this requested instruction. As to the five other charges Benchoff contends the trial judge erred in failing to charge, we note that either the evidence did not warrant such a charge or else another charge given by the trial judge adequately covered the instructions requested. We therefore find no error in the trial judge's failure to charge these requested instructions.

Benchoff further takes exception to the admission of certain medical evidence. He argues, first, the trial judge erred in admitting his medical records into evidence as they "contained extensive hearsay information and were not relevant to any issue pending before the court." Counsel for Mr. Benchoff made no objection on the basis of relevancy stating only that he thought it was "highly irregular to introduce the records." The records were introduced through the hospital's custodian of medical records who testified they were prepared in the normal course of business. Generally, medical records are properly admitted under the Business Records as Evidence Act as an exception to the rule against hearsay. *Crowley v. Spivey*, 285 S.C. 397, 329 S.E. (2d) 774 (Ct. App. 1985). While portions of records which contain subjective opinions or judgments should be excluded, Benchoff does not argue any such opinions or judgments were included in the records. We therefore find no error in their admission.

Benchoff further contends the trial judge erred in admitting the testimony of a witness, Charles Thomas Huber, as to the symptoms of impairment resulting from alcohol consumption. He argues such was not admissible because Huber neither saw nor examined Benchoff. We disagree. Benchoff did not object to Huber's qualification as an expert in the field of clinical chemistry. Neither did he object to the introduction of blood alcohol tests performed on him the day of the accident. He only objected to Huber's answer in response to questions of what a blood alcohol count of 285 milligrams per deciliter meant and the effect of various blood alcohol levels on an individual. His objection based on the fact

he was a pedestrian and not the operator of an automobile is patently without merit. The issue of Benchoff's own negligence was before the jury and whether he was impaired by alcohol to the point that he was the sole or a contributing cause to his accident was a question of fact to be determined by the jury. Once qualified as an expert, the adequacy of Huber's knowledge went to the weight of his testimony not to its admissibility. *Bonaparte v. Floyd,* 291 S.C. 427, 354 S.E. (2d) 40 (Ct. App. 1987). We find no error in the admission of Huber's testimony.

Finally, Benchoff contends the trial judge erred in granting Otto Morgan's motion for nonsuit with prejudice. He contends the evidence was sufficient to submit the issue of family purpose to the jury. While we do not necessarily agree that family purpose was established, we need not address this issue, for any error in granting the nonsuit was harmless in light of the jury's verdict for Mark Morgan and our affirmance of the same.

Affirmed.

BELL and GOOLSBY, JJ., concur.