1531

Wilmer Stanley BLACKWELL, Respondent v. PACCAR, INC., and Peterbilt of Knoxville, Inc., Defendants, of whom Paccar, Inc., is Appellant.

(395 S.E. (2d) 736)

Court of Appeals

*Edwin B. Parkinson, Jr.,* of *Haynsworth, Marion, McKay & Guerard,* Greenville, *for appellant.*

*Eugene C. Covington, Jr.,* of *Foster, Covington & Patrick,* Greenville, *for respondent*

Heard May 9, 1990.

Decided Aug. 27, 1990.

SHAW, Judge:

Respondent, Wilmer Stanley Blackwell, instituted this action against Peterbilt of Knoxville, Inc. and Paccar, Inc. for damages arising out of defects in a truck manufactured by Paccar and sold by Peterbilt. The case was submitted to the jury under various theories and a verdict was returned in favor of Blackwell for $108,000 against Paccar based on breach of implied warranty and for $2,000 against Peterbilt based on negligent repair. The trial judge granted Paccar's motion for a new trial nisi remittitur in the amount of $75,000. Blackwell accepted the remittitur. Paccar appeals. We affirm.

Blackwell, an independent trucker, purchased a Peterbilt truck from a Greenville dealership in February, 1987 for $82,445. From the start, he experienced various problems with the truck, some of which remained uncorrected as of the time of trial two years later. Blackwell testified as to extensive repairs necessitated by various defects in the truck resulting in occasional loss of work and considerable devaluation of the truck. From the trial judge's denial of motions for judgment notwithstanding the verdict and new trial, Paccar appeals.

Paccar first contends the trial judge erred in denying the admission of certain evidence. At the trial, Paccar sought to introduce a warranty document which contained disclaimers of the implied warranty of merchantability and liability for consequential and incidental damages. Blackwell's attorney objected to the admission of the document on the basis that the warranty was between Peterbilt Motors Co., a division of Paccar, and Peterbilt Leasing and, thus, Blackwell was not bound by the disclaimers. The trial judge initially agreed and kept the warranty out of evidence but allowed Paccar to examine Blackwell as an offer of proof outside the presence of the jury on his receipt and knowledge of this warranty. Following the proffer, the trial judge again refused to admit this warranty into evidence.

The admission and exclusion of evidence rests within the sound discretion of the trial judge and his decision will not be disturbed on appeal absent a clear showing of an abuse of discretion, the commission of legal error in its

exercise, and prejudice to the appellant. *Clark v. Ross*, 284 S.C. 543, 328 S.E. (2d) 91 (Ct. App. 1985).

The record before us indicates Blackwell did not receive this warranty at the time of the sale, was not a named party in the document and did not sign the document. The document itself indicates it applies only to the first purchaser of the truck which is listed as Peterbilt Leasing. We therefore find no abuse of discretion in the denial of admission of this warranty.

Paccar also asserts the trial judge committed error in excluding evidence of a previous injury received by Blackwell and his subsequent settlement of a worker's compensation claim. Paccar argued such evidence was relevant to Blackwell's ability and motivation to work. We find no abuse of discretion in the exclusion of this evidence. There is nothing in the record to suggest that Blackwell's 1979 injury prevented him from working during the period of time he was driving this truck. Nor is there any evidence his worker's compensation settlement provided a lack of motivation to earn money. Indeed, admission of the settlement alone may have been highly prejudicial to Blackwell and of little relevance to the case at hand.

Paccar next contends there was inadequate proof of damages. It argues there was no evidence of the value of the truck in its defective condition at the time of sale, that Blackwell was incompetent to testify as to the value of the truck at the time of trial and that Blackwell's wife was incompetent to testify as to the loss of income created by the defects in the truck.

Blackwell testified he purchased the truck for $82,445 and, in his opinion, it was worth $30,000 at the time of trial two years later. Blackwell had experience driving trucks for over fifteen years. He has been a mechanic all of his adult life and holds various certificates in that field. He is intimately familiar with all of the defects which occurred over the two year life of the truck. We further note that, generally, an owner is qualified to testify as to the value of his property. See *Walton v. Walton*, 282 S.C. 165, 318 S.E. (2d) 14 (1984). As to Paccar's summary argument that there was no basis for Mrs. Blackwell's testimony as to lost income, we disagree. The record shows Mrs. Blackwell handled the book work for her hus-

band's business. She kept up with his expenses and took care of the information necessary for tax preparation. She calculated that in the two years Blackwell owned the truck, he suffered a minimum net loss of $39,968.

While there was no testimony as to the value of the truck at the time of the sale, there was evidence that the value of the truck after four years should be around $60,000 to $65,000 given how well Blackwell maintained his truck. Therefore there is evidence in the record of loss of value to the truck of *at least* $30,000 to $35,000 given that it was worth only $30,000 after two years with the defects and could have been worth $60,000 to $65,000 after four years without the defects.

Paccar next asserts the issue of lost profits should not ■ have been submitted to the jury because Blackwell did not prove a substitute vehicle was not available to him. We disagree. It is apparent from the record that Blackwell acted reasonably in attempting to mitigate his damages. He continued to drive the truck even though he experienced continual problems and often had it repaired while he was on the road. Indeed, the record indicates Blackwell was required to drive the truck to various cities for certain repairs that could not be handled locally. Further, he testified that when he would take his required eight hours off during a run, instead of being able to sleep, he was often in a repair shop. We find the record shows Blackwell did everything feasible in attempting to mitigate his damages. As to Paccar's argument on the trial judge's instruction as to mitigation of damages, we find the charge was accurate under *Adams v. Orr*, 260 S.C. 92, 194 S.E. (2d) 232 (1973).

Paccar also contends the trial judge erred in failing to ■ charge the jury that consequential damages may be limited or excluded. We disagree. First, we note that the only objection to the trial judge's failure to charge this proposition of law was made by the co-defendant, Peterbilt, not Paccar. This objection was based on a security agreement between Blackwell and Peterbilt which contained a disclaimer, not between Blackwell and Paccar. Further, because the warranty between Paccar and Peterbilt Leasing was excluded, there was no evidence to support such a charge as to Paccar.

Finally, Paccar asserts the trial judge erred in failing to grant a new trial because the verdict was excessive.

We disagree. Upon motion of Paccar, the trial judge granted a new trial nisi remittitur granting Paccar a new trial unless Blackwell accepted a reduction of $33,000 leaving Blackwell a verdict of $75,000. The amount of $75,000 was clearly supported by the evidence of a loss of $30,000 to $35,000 on the truck, loss of $39,968 in profits and out-of-pocket expenditures of over $4,000. Indeed, in arguing for a new trial nisi, the attorney for Paccar indicated he felt the proven damages amounted to $73,000. Based on the foregoing, we find no error on the part of the trial judge.

Affirmed.

BELL and GOOLSBY, JJ., concur.