1860

Larry D. BROWN, Appellant v. Lois J. ORNDORFF, Respondent. Catherine Ann ORNDORFF, Respondent v. Larry D. BROWN, Appellant, and Lois J. ORNDORFF, Respondent.

(422 S.E. (2d) 151)

Court of Appeals

*Lowell W. Ross* and *Karen F. Ballenger*, both of *Ross, Stoudemire & Awde*, Seneca, *for appellant.*

*Frank S. Holleman, III*, of *Wyche, Burgess, Freeman & Parham, Douglas F. Patrick*, of *Foster, Covington & Patrick*, and *Donald L. Van Riper*, Greenville, *for respondents.*

Heard May 5, 1992.

Decided Aug. 10, 1992.

SHAW, Justice:

Appellant, Larry D. Brown, sued respondent Lois J. Orndorff, for damages resulting from an automobile accident. Respondent Catherine Ann Orndorff, a passenger in Lois Orndorff's car, sued Brown and Lois Orndorff for damages arising out of the accident. Lois Orndorff counterclaimed against Brown for damages. The jury returned a verdict for both Lois and Catherine Orndorff against Brown. Brown appeals. We affirm.

Brown raises four issues on appeal. He argues the trial judge erred in allowing certain hearsay testimony, in allowing evidence on his driving record, in failing to grant his motions for directed verdict, j.n.o.v. and new trial, and in charging the jury on the doctrine of sudden emergency. We disagree.

The record reveals the following. On May 9, 1989, Brown was driving his vehicle west on Highway 124 and Lois Orn-

dorff was driving her vehicle east on Highway 124 when the two cars collided head-on. It had been raining very hard that day and the roads were wet. The physical evidence indicates the cars did not hit directly head-on, but hit at a 30 degree angle. Following the initial impact, Brown's car proceeded to go off the road to the right while Orndorff's car rotated, its right side coming in contact with the left side of Brown's car. Orndorff's car came to rest in a westerly direction in Brown's lane of travel while Brown's car was off the road angled in a north-west direction. The majority of the debris from the collision was found in Brown's lane of travel. Brown's expert testified the physical evidence showed the impact occurred in Brown's lane of travel.

Brown testified at trial that Orndorff crossed the center line and came over into his lane of travel and that he turned the wheel to the right to avoid her but that the cars still collided. Brown's wife, who was a passenger in his automobile, testified she was bending down to the floor for her purse when her husband swerved to the right. When she looked up to see why he was swerving, she saw Orndorff's car coming on their side of the road. Orndorff testified that she had started up a hill when, all of a sudden, she saw a blue object "whirling" or "spinning" and crossing over to her side of the road. She attempted to swerve her vehicle out of the way, but was unsuccessful.

Brown first contends the trial judge erred in admitting the testimony of witness Helen Taylor relating a statement of an unidentified third person at the scene of the accident. The record reveals that Helen Taylor and her husband arrived on the scene subsequent to the collision and began rendering aid to the victims. During this time, she noticed a man with long hair standing on the passenger side of Brown's car talking to some other men. She stated she overheard this man say "Hey, man, this dude here started spinning . . . and come over here and hit this woman." She indicated the unidentified individual pointed out Brown's car as the car that was spinning and hit Orndorff's car. She further testified that this same individual said he had called the ambulance.

The trial judge held the testimony was admissible as the *res gestae* exception to the rule against hearsay. He found the statement was contemporaneously made with the matter at

hand, that it was an instinctive and a spontaneous utterance of a witness while under the active, immediate influences of the accident and that the circumstances indicated the utterances were not the result of any reflection nor designed to make a false or self-serving statement. Brown concedes the statement was contemporaneous with the event. He argues, however, that the statement was not admissible because there was no independent evidence that the declarant actually witnessed the event.

We first note that there is no evidence in the record that Brown ever raised this argument before the trial judge and this issue therefore is not properly preserved. *See Roche v. S.C. Alcoholic Beverage Control Commission,* 263 S.C. 451, 211 S.E. (2d) 243 (1975) (the purpose of an appeal is to determine whether the trial judge erroneously acted or failed to act and where the appellant's contentions are not presented or passed on by the trial judge, such contentions will not be considered on appeal.). We further find that this statement properly falls within the *res gestae* exception. General principles regarding this exception are set forth in the case of *Doe v. Asbury,* 281 S.C. 191, 314 S.E. (2d) 849 (Ct. App. 1984) wherein this court held as follows:

> No hard and fast rule can be laid down as to the admissibility of evidence under the *res gestae* exception. Instead, each case must be decided on its own facts, and admissibility is largely left to the discretion of the trial judge. To qualify, a statement must be substantially contemporaneous with the litigated transaction and be the instinctive, spontaneous utterance of the mind while under the active, immediate influences of the transaction; the circumstances precluding the idea of reflection or design to make false or self-serving statements . . .
>
> The proponent of admission has the burden of establishing the required conditions. The ruling of the trial judge will not be disturbed on appeal unless it clearly appears from undisputed circumstances in evidence that the evidence should have been admitted or rejected. (Citations omitted.)

In the case at hand, the unidentified witness was quoted as stating, in effect, that he saw Brown's car, spinning into Orn-

dorff's lane. There are strong indicia of reliability to this statement as it fits the pattern of Orndorff's testimony as to how the accident occurred.

Brown next contends the trial judge erred in allowing the cross-examination of Brown's expert witness, William Stewart, on Brown's driving record. We disagree.

Brown presented the expert testimony of an economist, Charles Alford, in support of his claim for lost future wages as a truck driver. On cross-examination, and without objection, counsel asked Alford several questions regarding the effect of several driving violations on one's future success as a truck driver. Although he did not seek to introduce Brown's driving record, his questions implied that Brown had a history of certain traffic infractions. Following Alford's testimony, Brown presented the testimony of a vocational rehabilitation expert, William Stewart, in support of his claim for lost wages. Prior to cross-examination of this witness, the trial judge conducted an in camera hearing on whether counsel could mention Brown's driving record. He then ruled the relevance of his driving record to the issue of future wages outweighed any prejudice, that he would instruct the jury to not consider this evidence for any purpose other than as it related to future wages, and that counsel could not relate the dates of the violations or make any reference in argument that would tie his driving record to this accident. The trial judge later charged the jury that Brown's driving record was admitted for the limited purpose of evaluating Brown's future work opportunities and earning capacity and that it could not be considered or discussed in any manner whatsoever on any issue involving the circumstances of or responsibility for the accident at issue. Brown did not object to this charge nor argue that it could not cure any possible prejudice.

The admission and exclusion of evidence rests within the sound discretion of the trial judge and his decision will not be disturbed on appeal absent a clear showing of an abuse of discretion, the commission of legal error in its exercise, and prejudice to the appellant. *Blackwell v. Paccar, Inc.*, 302 S.C. 294, 395 S.E. (2d) 736 (Ct. App. 1990). Because we find such evidence was relevant to the issue of future wages, similar evidence was introduced without objection through the questioning of expert Alford, and Brown failed to

object to the trial judge's limiting instruction, we hold the probative value of the evidence outweighed any possible prejudice and the evidence was properly admitted.

Brown further contends the trial judge erred in denying his motions for directed verdict, j.n.o.v., or, in the alternative, a new trial. He asserts that the undisputed physical evidence shows the impact between the vehicles occurred in Brown's lane of travel and, thus, the jury finding was against the weight of the evidence. We disagree.

In ruling on the denial of motions for directed verdict, j.n.o.v. and a new trial, the evidence must be considered in a light most favorable to the nonmoving party. We are not at liberty to pass upon the veracity of the witnesses and determine the case according to our view of the weight of the evidence. *Graham v. Whitaker,* 282 S.C. 393, 321 S.E. (2d) 40 (1984). If there is any evidence to sustain the factual findings implicit in the jury's verdict, this court must affirm. *Hilton Head Island Realty, Inc. v. Skull Creek Club,* 287 S.C. 530, 339 S.E. (2d) 890 (Ct. App. 1986).

After an extensive review of the record before us, we find there is evidence to sustain the factual findings implicit in the jury's verdict. The question is not necessarily in whose lane of travel the collision occurred. Rather, as argued by Orndorff's counsel at trial, the issue is who crossed the center line first. A thorough review of the record shows evidentiary support for Orndorff's theory that Brown first crossed into her lane and she then swerved into Brown's lane in an effort to avoid the accident but, by then, Brown had swerved back into his lane resulting in a collision there.

Finally, Brown contends the trial judge erred in charging the jury on the doctrine of sudden emergency arguing the facts did not justify such a charge because there was no competent evidence that Orndorff was placed in a sudden emergency. We disagree. As noted above, the theory that Orndorff was faced with an emergency and swerved into Brown's lane is entirely consistent with the evidence in the record before us. We therefore find no error.

Affirmed.

GARDNER and BELL, JJ., concur.