### 1929

Brenda BENNETT, as Personal Representative of the Estate of Harry McDonald Williams, Jr., Appellant v. WILBRO, INC., Respondent.

(426 S.E. (2d) 812)

Supreme Court

*Lee S. Bowers,* Estill, and *William C. Anderson, Jr.,* Hampton, *for appellant.*

*C. Bradley Hutto,* Orangeburg, and *K. Lindsey Terrell,* Beaufort, *for respondent.*

Heard Aug. 25, 1992; Decided Dec. 21, 1992.

Refiled Jan. 19, 1993; Reh. Den. Jan. 19, 1993.

*Per Curiam:*

Brenda Bennett brought this wrongful death action alleging Wilbro, Inc.'s employee negligently ran over her son, Harry "Donnie" Williams, on a highway in Hampton County. The jury returned a general verdict in favor of Wilbro. Bennett appeals. We affirm.

1. Bennett argues the court erred by allowing evidence showing Williams consumed alcohol and was under its influence prior to the accident. This argument is without merit. The admission and exclusion of evidence rests within the sound discretion of the trial judge, and the judge's decision will not be disturbed on appeal absent a clear showing of an abuse of discretion, the commission of legal error in its exercise, and prejudice. *Blackwell v. Paccar, Inc.,* 302 S.C. 294, 395 S.E. (2d) 736 (Ct. App. 1990). In its defense, Wilbro asserted Williams was contributorily negligent. The evidence showing Williams was intoxicated was relevant to whether he contributed to his own injury. *See Benchoff v. Morgan,* 302 S.C. 116, 394 S.E. (2d) 19 (Ct. App. 1990). Contributory negli-

gence is generally a question of fact to be determined by the jury. *Cope v. Eckert,* 284 S.C. 516, 327 S.E. (2d) 367 (Ct. App. 1985). Therefore, the judge neither abused his discretion nor committed an error of law in admitting evidence on Williams's use of alcohol.[1]

2. Bennett also argues the court erred by charging the jury on assumption of the risk. This argument is without merit. *See Benchoff v. Morgan.*

Affirmed.

---

[1] Bennett asserts the last clear chance doctrine makes the question of whether Williams's intoxication contributed to his death irrelevant. Bennett did not object to the charge on contributory negligence; therefore, it becomes the law of the case. *Mickle v. Blackmon,* 255 S.C. 136, 177 S.E. (2d) 548 (1970). Further, the court was correct in charging the jury on contributory negligence. Wilbro alleged contributory negligence in its answer and presented evidence at trial that Williams was drunk when the accident occurred. A court acts correctly when it charges the jury on the law framed by the issues as made by the pleadings and the facts developed by the evidence in support of those issues. *Tucker v. Reynolds,* 268 S.C. 330, 233 S.E. (2d) 402 (1977). In addition, the jury could have reasonably determined the last clear chance doctrine did not apply. The doctrine allows recovery to a victim who negligently subjects himself to harm only if the defendant could or should have discovered the victim's peril and thereafter fails to exercise reasonable care to avoid injury to the victim. *Rothrock v. Copeland,* 305 S.C. 402, 409 S.E. (2d) 366 (1991). Based on the evidence, the jury could have decided Wilbro's driver was not negligent but that William's death was solely the result of his own lack of due care. *See Benchoff v. Morgan.*