529 S.E.2d 290

Ex Parte The **DEPARTMENT OF HEALTH AND
ENVIRONMENTAL CONTROL, Appellant.**

**In re The State, Respondent,**

v.

**John Doe, Defendant.**

No. 3136.

Court of Appeals of South Carolina.

Heard Feb. 9, 2000.

Decided March 20, 2000.

Rehearing Denied May 27, 2000.

Cheryl H. Bullard and E. Katherine Wells, both of South Carolina Department of Health and Environmental Control, of Columbia, for appellant.

Attorney General Charles M. Condon, Deputy Attorney General John W. McIntosh and Assistant Deputy Attorney General Salley W. Elliott, all of Columbia; and Solicitor George M. Ducworth, of Anderson, for respondent.

Robert A. Gamble, of Anderson, for defendant.

STILWELL, Judge:

The South Carolina Department of Health and Environmental Control appeals a circuit court order requiring it to release certain information regarding John Doe's human immunodeficiency virus (HIV) status to specified persons within the Anderson County Solicitor's office. We affirm as modified.

The Anderson County Grand Jury indicted Doe for first degree criminal sexual conduct with a minor. The State then petitioned the circuit court to order the Department to release all of Doe's medical records that pertained to his HIV status. After hearing testimony and oral arguments on the matter, the court issued an order requiring the Department to release certain information to the solicitor, an assistant solicitor, and two other named persons assigned to Doe's case. The information required to be released was: (1) Doe's HIV test results; (2) information regarding any notification to Doe of his test results; (3) the names and addresses and access to all possible chain of custody witnesses who could prove Doe had a positive HIV test; and (4) Doe's patient acknowledgment of counseling form.

## DISCUSSION

■ The Department argues that the statutory scheme in question mandates that only Doe's HIV test results may be released to a solicitor or law enforcement officer without Doe's consent. We disagree.

The South Carolina legislature has enacted statutes designed to maintain the confidentiality of sexually transmitted disease records. S.C.Code Ann. §§ 44–29–10 to –250 (1985 & Supp.1999). All information and records held by the Department relating to a known or suspected case of a sexually transmitted disease are strictly confidential and may be released only under certain specified circumstances. S.C.Code Ann. § 44–29–135 (Supp.1999). Release of medical or epidemiological information is permitted "to the extent necessary to enforce the provisions of this chapter and related regulations concerning the control and treatment of a sexually transmitted disease. . . ." S.C.Code Ann. § 44–29–135(c).

In this case, the State sought the release of Doe's medical records in order to prosecute Doe under the statute that prohibits a person who knows he is infected with HIV from exposing another person to the virus. The statute provides, in pertinent part:

It is unlawful for a person who knows that he is infected with Human Immunodeficiency Virus (HIV) to:

(1) knowingly engage in sexual intercourse, vaginal, anal, or oral, with another person without first informing that person of his HIV infection;

(2) knowingly commit an act of prostitution with another person;

(3) knowingly sell or donate blood, blood products, semen, tissue, organs, or other body fluids;

(4) forcibly engage in sexual intercourse, vaginal, anal, or oral, without the consent of the other person, including one's legal spouse; or

(5) knowingly share with another person a hypodermic needle, syringe, or both, for the introduction of drugs or any other substance into, or for the withdrawal of blood or body fluids from the other person's body without first informing that person that the needle, syringe, or both, has been used by someone infected with HIV.

S.C.Code Ann. § 44–29–145 (Supp.1999).

The legislature has also provided substantial safeguards surrounding the disclosure of the necessary information even to a solicitor. Section 44–29–136 contains the confidentiality safeguards and provides in part as follows:

A portion of a person's sexually transmitted disease test results disclosed to a solicitor or state criminal law enforcement agency pursuant to Section 44–29–135(c) must be obtained by court order upon a finding by the court that the request is valid under Section 44–29–135(c) and that there is a compelling need for the test results.

S.C.Code Ann. § 44–29–136(A) (Supp.1999).

The questions raised in this appeal are whether all the information the circuit court ordered the Department to release constitutes medical information within the meaning of § 44–29–135(c) and whether the use of the descriptive phrase "test results" in § 44–29–136(A) in conjunction with the word "portion" places a limit upon what may be released to law enforcement by the Department.

 "All rules of statutory construction are subservient to the one that the legislative intent must prevail if it can be reasonably discovered in the language used, and that language must be construed in the light of the intended purpose of the statute." *Kiriakides v. United Artists Communications, Inc.*, 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994). "When faced with an undefined statutory term, the court must interpret the term in accord with its usual and customary meaning." *Strother v. Lexington County Recreation Comm'n*, 332 S.C. 54, 62, 504 S.E.2d 117, 122 (1998).

The Department readily acknowledges that HIV test results are "medical information" within the meaning of § 44–29–135(c). However, construing that term in the overall context of the entire statutory scheme, which includes the criminal statute as a part of the same chapter mandating confidentiality, we must conclude that the legislature intended the phrase "medical information" to include more than merely test results. Permitting the release of HIV test results without the evidence that a person learned those results on or before a specific date would not enable law enforcement or prosecutors to enforce the statute prohibiting the knowing exposure of others to HIV. In order to enforce § 44–29–145 in this case against Doe, the State must prove Doe knew he was infected with HIV at the time he allegedly exposed a minor victim with the virus through sexual contact. Since the legislature made it an element of the offense that the perpetrator know that he

was infected, we are unable to attribute to the legislature a motive to keep that information confidential while at the same time allowing the disclosure of the test results.

Just as it is necessary to prove that Doe learned he was infected with HIV in order to prosecute him for knowingly exposing another person, it is also necessary for the State to establish a chain of custody to prove that the samples analyzed were in fact Doe's. *See State v. Cribb*, 310 S.C. 518, 522, 426 S.E.2d 306, 309 (1992) ("The party offering evidence is required to establish, at least as far as practicable, a complete chain of evidence, tracing possession from the time the specimen is taken from the human body to the final analysis. The identity of the persons who have handled the evidence must be established.") (internal citations omitted).

Pursuant to the circuit court's order, the Department should provide access to and release the names and addresses of all possible chain of custody witnesses. In its brief, the Department maintains that it cannot produce a chain of custody because its internal procedures do not establish one and the names and addresses required by the order will not establish one. The order does not require the Department to produce a chain of custody, but just to reveal the identity of those persons who might have handled or analyzed Doe's samples. Once the information is provided, the State will bear the burden of creating a chain of custody.

 Finally, we address the portion of the order which requires the Department to release Doe's patient acknowledgment of counseling form. Although information relating to the chain of custody and Doe's notification of his HIV status are necessary for the State to prove Doe committed the offense, evidence that Doe was counseled about HIV or his HIV status is not. To prove a case of knowingly exposing another to HIV, the State must prove only that the defendant engaged in certain conduct while aware that he was HIV positive. *See* S.C.Code Ann. § 44–29–145. It is not necessary that the State prove that the defendant was aware of the risk involved. Therefore, the circuit court order is modified to the extent it required the Department to disclose that Doe received counseling or that Doe acknowledged receipt of counseling.

Accordingly, the order of the circuit court is

**AFFIRMED AS MODIFIED.**

HEARN, C.J., and MOREHEAD, Acting J., concur.