565 S.E.2d 293

Ex parte The **DEPARTMENT OF HEALTH AND ENVIRONMENTAL CONTROL**, Petitioner,

In re The State, Respondent,

v.

**John Doe, Defendant.**

No. 25486.

Supreme Court of South Carolina.

Heard March 6, 2002.

Decided June 17, 2002.

244

E. Katherine Wells and Cheryl H. Bullard, both of South Carolina Department of Health and Environmental Control, of Columbia, for petitioner.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Robert E. Bogan, all of Columbia; and Solicitor Druanne D. White, of Anderson, for respondent.

Robert A. Gamble, of Anderson, for defendant.

Chief Justice TOAL.

This Court granted the Department of Health and Environmental Control's ("DHEC") petition for certiorari to review the Court of Appeals' decision in *Ex Parte: the Dep't of Health and Envtl. Control, In re: State v. John Doe*, 339 S.C. 546, 529 S.E.2d 290 (Ct.App.2000) (*"State v. Doe"*).

## FACTUAL / PROCEDURAL BACKGROUND

In June 1997, John Doe ("Doe") was indicted by the Anderson County grand jury for criminal sexual conduct with a minor. The State also sought to prove Doe had knowingly exposed his victim to the Human Immunodeficiency Virus ("HIV") in violation of S.C.Code Ann. § 44–29–145 (2002).[1] On October 28, 1997, the State filed a motion seeking to compel DHEC to release all of Doe's medical records pertaining to his HIV status, including the names and addresses of any possible chain of custody witnesses and Doe's acknowledgment of counseling form. After a hearing in November 1997, the circuit court ordered the release of the following information: (1) Doe's HIV test results; (2) the names of and access to all possible chain of custody witnesses; and (3) Doe's acknowledgment of counseling form. DHEC appealed those portions of the order directing it to provide the names and

---

1. The statute provides,

It is unlawful for a person who *knows* that he is infected with [HIV] to:

(1) knowingly engage in sexual intercourse, vaginal, anal or oral, with another person without first informing that person of his HIV infection;

(2) knowingly commit an act of prostitution with another person;

(3) knowingly sell or donate blood, blood products, semen, tissue, organs, or other body fluids;

(4) forcibly engage in sexual intercourse, vaginal, anal, or oral without consent of the other person, including one's legal spouse; or

(5) knowingly share with another person a hypodermic needle, syringe, or both, ... without first informing that person that the needle ... has been used by someone infected with HIV.

A person who violates this section is guilty of a felony and, upon conviction, must be fined not more than five thousand dollars or imprisoned for not more than 10 years.

S.C.Code Ann. § 44–29–145 (2002) (emphasis added).

addresses of potential witnesses to establish a chain of custody and to release Doe's acknowledgment of counseling form.

The Court of Appeals initially dismissed DHEC's appeal as interlocutory, but then reversed its decision after DHEC's petition for rehearing. Briefs were filed and oral arguments were held on February 9, 2000. The Court of Appeals affirmed, as modified, the circuit court decision. *State v. Doe,* 339 S.C. 546, 529 S.E.2d 290. It reversed the circuit court to the extent that it required DHEC to disclose Doe's counseling records, but otherwise affirmed the circuit court's order directing DHEC to release the names and addresses of all possible chain of custody witnesses.

DHEC raises the following issues on appeal:

I. Does the exception to the rule against hearsay contained in Rule 803(6) of the South Carolina Rules of Evidence ("SCRE"), allow Doe's HIV test results to be admitted into evidence as business records without the requirement of establishing a chain of custody?

II. May the State obtain names of chain of custody witnesses and DHEC counseling records relating to HIV test results in order to establish Doe *knew* he was HIV positive as required under S.C.Code Ann. § 44–29–145 (2002), the statute imposing criminal sanctions for knowingly exposing another to HIV?

## LAW/ANALYSIS

### I. Business Records Exception

The State argues it is required by the SCRE to establish a chain of custody to admit Doe's HIV blood test at trial. We disagree. In the alternative, DHEC contends Doe's HIV test can be admitted at trial under the business records exception to the hearsay rule, Rule 803(6), SCRE. We agree.

There is an exception to the rule requiring DHEC to maintain strict confidentiality of its sexually transmitted disease records that all parties agree applies in this case. Section 44–29–135(c) of the South Carolina Code authorizes the release of "medical or epidemiological information to the extent necessary to enforce the provisions of this chapter and related regulations concerning the control and treatment of

sexually transmitted disease...."[2] In this case, the State sought release of Doe's HIV test results and acknowledgment of counseling forms in order to prosecute him under section 44–29–145 of this chapter, for knowingly exposing his victim to HIV.

As the Court of Appeals noted, the legislature did provide confidentiality safeguards for disclosure of this information. Section 44–29–136(A)[3] requires the solicitor or state law enforcement agency to obtain a court order that the request for such information is valid and that there is a compelling need for the information. The authorities sought and received such an order in this case, and DHEC does not challenge the existence of a compelling need for the test results. However, DHEC does challenge that a chain of custody must be established for the test results to be admissible.

▅ This Court has consistently required a chain of custody in criminal prosecutions to prove the samples analyzed are in fact the defendant's. In prosecutions for driving under the influence ("DUI"), "when moving to admit blood alcohol test results, the State must prove a chain of custody of the blood sample from the time its [sic] drawn until it is tested." *State v. Smith*, 326 S.C. 39, 41, 482 S.E.2d 777, 778 (1997). In another DUI prosecution, this Court found the trial court abused its discretion in admitting the results of a blood alcohol test where the identity of those who sealed, labeled, and transported the blood was not established. *State v. Cribb*, 310 S.C. 518, 426 S.E.2d 306 (1992). Similarly, in a wrongful death civil action resulting from a car wreck, the Court of Appeals required a chain of custody for the driver's urinalysis, taken for purposes of showing the defendant had marijuana and cocaine in his system at the time of the accident. *Stevens v. Allen*, 336 S.C. 439, 520 S.E.2d 625 (Ct.App.1999).

Although our precedent requires a chain of custody for blood and urine samples taken at the time of an accident or other crime for purposes of prosecution, HIV test results present a different set of circumstances. The DUI cases cited above involve time-sensitive tests taken at the time of an

2. S.C.Code Ann. § 44–29–135(c) (2002).

3. S.C.Code Ann. § 44–29–136(A) (2002).

arrest or an accident that cannot be replicated outside of that time frame. *See Cribb; Stevens.* Although the blood drawn from Cribb was not drawn initially for prosecutorial purposes, it was used for those purposes ultimately, and, therefore, required a chain of custody because Cribb could not re-test his blood alcohol level later and get an accurate result. HIV test results, on the other hand, can be confirmed or proved false by re-testing at a later date, as HIV is a permanent condition, unlike the level of alcohol or drugs in the bloodstream. Based on this distinction, we find the admission of HIV test results is not controlled by the line of cases discussed above dealing with drug and alcohol tests.

Although our Court has not considered whether a chain of custody is necessary to admit evidence of HIV tests for prosecutions under section 44–29–145, courts in other jurisdictions have addressed the issue. The Supreme Court of Missouri held HIV blood tests admissible without a chain of custody under the business records exception in a prosecution for HIV endangerment. *State v. Mahan,* 971 S.W.2d 307 (Mo.1998). Acknowledging that a chain of custody for blood tests is required in most situations, the Missouri court found certain features of HIV testing to be unique, and differentiated it from other cases in which blood samples are taken from a person at the scene of a crime. *Mahan.* In *Mahan,* the HIV tests were conducted before any charges were filed against the defendant. *Id.* As such, the Missouri court found there was no incentive for anyone to alter a blood sample or to favor a positive over a negative result, as there may be when blood samples are taken in the course of a criminal investigation. *Id.* In addition, the Missouri court noted there were other indicia of reliability, such as an admission by the defendant that he was HIV positive. *Id.*

DHEC argues the case at hand is analogous to *Mahan,* and contends HIV test results are admissible, without a chain of custody, under our business records exception, Rule 803(6), SCRE. We agree that the procedure for admitting business records would afford sufficient indicia of reliability to admit HIV test results without a chain of custody. Rule 803(6), SCRE, provides that memorandum, reports, records, etc. in any form, of acts, events, conditions, or diagnoses, are admissible as longs as they are (1) prepared near the time of the

event recorded; (2) prepared by someone with or from information transmitted by a person with knowledge; (3) prepared in the regular course of business; (4) identified by a qualified witness who can testify regarding the mode of preparation of the record; and (5) found to be trustworthy by the court. Rule 803(6), SCRE; S.C.Code Ann. § 19–5–510 (Supp.2001).

Medical records are admitted routinely as business records. *Ellis v. Oliver,* 323 S.C. 121, 473 S.E.2d 793 (1996); *Benchoff v. Morgan,* 302 S.C. 116, 394 S.E.2d 19 (Ct.App.1990); *Love v. Garcia,* 634 So.2d 158 (Fla.1994). The trustworthiness of medical records is presumed, based on the fact that the test is relied on for diagnosis and treatment. *See Love v. Garcia.* DHEC cites opinions from several other jurisdictions that have admitted laboratory test results as business records, including blood tests, based on the same rationale: if it is sufficiently trustworthy to be relied upon for medical treatment, it is sufficiently trustworthy to be admitted as a business record. *See Baber v. State,* 775 So.2d 258 (Fla.2000) (admitting blood test taken for medical purposes as business record in criminal case); *State v. Garlick,* 313 Md. 209, 545 A.2d 27 (1988) (admitting hospital laboratory test as business record without extensive foundation when the blood sample was not taken for purposes of litigation, the test was performed in a neutral setting (not a police lab), and no discrepancies were apparent on the face of the record).

■ We find this rationale persuasive and hold Doe's HIV tests admissible as business records. The blood test was taken by DHEC personnel for the purpose of diagnosis and was relied upon for subsequent diagnosis, treatment, and counseling. Doe was not tested by DHEC for purposes of litigation. In fact, he was tested voluntarily before any charges were pending against him. Further, Doe could be retested at any time to refute the evidence presented against him at trial. If Doe tested negative at the time of trial, the DHEC test results could be ruled out as a false positive as HIV is a permanent condition. A person charged with DUI based on a blood alcohol test taken at the time of his arrest has no such protection and, therefore, needs the indicia of reliability provided by a chain of custody. Further, section 44–29–145 requires that the defendant *knowingly* expose his victim to HIV. To satisfy this knowledge element, the HIV

test results will be accompanied by other evidence, such as a signed acknowledgment of HIV counseling form, or other proof that defendant *knew* he was HIV positive.

■ In our opinion, HIV tests taken for purposes of medical diagnosis before any charges are pending are trustworthy and should be admitted as business records without a chain of custody.[4] Accordingly, Doe's HIV test was reliable and is admissible as a business record.

II. Counseling Records

The Court of Appeals limited the admission of Doe's medical records to the information relating to chain of custody and Doe's notification of his HIV status. *State v. Doe*, 339 S.C. 546, 529 S.E.2d 290. The Court of Appeals held the State could not obtain Doe's counseling records or his acknowledgment of counseling form. *Id.* The Court of Appeals found this information irrelevant as the statute only requires proof that Doe knew he had HIV, and not that he knew *how* it could be transmitted to other people. *Id.* In our opinion, information in Doe's counseling records could be relevant to proving Doe knew of his HIV status before he allegedly endangered his victim with HIV. Any counseling records showing Doe was advised he had HIV may be obtained from DHEC under section 44–29–135(c) to enforce the provisions of that chapter.

■ Section 44–29–135(c) permits the release of medical information *to the extent necessary* to enforce the provisions of the chapter. Section 44–29–135 pertains exclusively to confidentiality of records of sexually transmitted diseases; therefore, it contemplates the release of medical records of sexually transmitted diseases *to the extent necessary* to enforce section 44–29–145. Section 44–29–145 requires the person charged with endangerment to have *knowledge* of his HIV status. In our opinion, any DHEC counseling records pertaining to Doe's notification of his HIV status are relevant to proving Doe's requisite knowledge, and, therefore, are admissible. The pro-

---

4. We hold that a chain of custody is not necessary for admission of HIV test results, but do not hold that DHEC may withhold names of its employees if testimony by those employees is required to establish that a defendant knew he had HIV under section 44–29–145 as set forth in section II.

cedure in section 44–29–136(A) governs when and to whom this information can be released and provides appropriate safeguards for release of this information which were adhered to in this case.

## CONCLUSION

 In summary, for the foregoing reasons, we **RE-VERSE** the Court of Appeals' decision to the extent it required a chain of custody and, hold that HIV test results and other relevant medical information in DHEC's custody are admissible as business records without a chain of custody under Rule 803(6), SCRE, for purposes of S.C.Code Ann. § 44–29–145. In addition, we hold that the State may obtain the names of any chain of custody witnesses and DHEC counseling records, including the acknowledgment of counseling form, if necessary to prove a person knew he had HIV and exposed another to HIV in violation of section 44–29–145. Accordingly, we **AFFIRM AS MODIFIED** the remainder of the Court of Appeals opinion.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.