19120

Janet MICKLE, Appellant, v. Larry Wayne BLACKMON, Cherokee, Incorporated, and Ford Motor Company, of which Ford Motor Company is, Respondent.

(177 S. E. (2d) 548)

*Messrs. James P. Mozingo, III, D. Kenneth Baker* and *Greer & Chandler,* of Darlington, and *Hayes, Brunson & Gatlin,* of Rock Hill, *for Appellant,*

*Messrs. Vernon E. Sumwalt,* of Rock Hill, and *Howard L. Burns,* of Greenwood, *for Respondent,*

*Messrs. James P. Mozingo, III, D. Kenneth Baker* and *Greer & Chandler,* of Darlington, and *Hayes, Brunson & Gatlin,* of Rock Hill, *for Appellant,* in Reply.

November 5, 1970.

BRAILSFORD, Justice.

In this personal injury action, the plaintiff was awarded $468,000.00 actual damages against the defendant Cherokee, Incorporated, and $312,000.00 actual damages against the defendant Ford Motor Company. Judgment was entered on the verdict against Cherokee, but the trial judge granted Ford's motion for judgment *non obstante veredicto.* On appeal to this court, the judgment against Cherokee was affirmed, and the *non obstante veredicto* judgment in favor of Ford was reversed. However, because of error in the

instructions as to Ford's duty in the design of the automobile, we sustained Ford's alternative appeal and remanded the case to the circuit court for a retrial of the issues between plaintiff and this defendant. See *Mickle v. Blackmon*, 252 S. C. 202, 166 S. E. (2d) 173 (1969). Petitions for rehearing by Cherokee and Ford were denied, and the remittitur issued on March 5, 1969. On July 21, 1969, plaintiff moved in the circuit court for "partial summary judgment in favor of the plaintiff upon the issue of the amount of damages to which plaintiff is entitled from the defendant Ford Motor Company if that defendant is found liable upon the retrial of this matter, and further declaring that the new trial granted the defendant Ford Motor Company will be limited to the issue of the defendant's liability for payment of the verdict and judgment of Three Hundred and Twelve Thousand and No/100 ($312,000.00) Dollars heretofore awarded the plaintiff against the defendant." This motion was refused by the circuit court upon the ground that "the general remand of this case by the Supreme Court of South Carolina, * * * mandates otherwise," and plaintiff has appealed.

Although plaintiff styled her motion as one for "Partial Summary Judgment," it was, in substance and effect, a motion to limit the trial to the issue of liability alone, without a retrial on the issue of the amount of damages to be awarded should liability be established.

On the former appeal, we found that prejudicial error in the instructions required a new trial as to Ford and remanded the case for that purpose. The effect of this mandate was to set aside the verdict *in toto* and require a retrial of all issues. If this exceeded the relief to which Ford was entitled, plaintiff's remedy was by petition to this court before the remittitur went down. We now have no jurisdiction of the issues involved on that appeal. *Ex parte Dunovant*, 16 S. C. 299 (1881); *Carpenter v. Lewis*, 65 S. C. 400, 43 S. E. 881 (1903). The mandate settling

those issues bound the circuit court in passing upon plaintiff's motion and binds us on this appeal from that court's order. On this aspect of the case, the only question is whether the circuit court properly construed the mandate, which is, in effect, conceded. Therefore, this appeal is not an appropriate occasion for us to reexamine, as plaintiff has requested, our decision in *South Carolina Elec. & Gas Co. v. Aetna Insurance Co.,* 233 S. C. 557, 106 S. E. (2d) 276 (1958), holding that a new trial of the issue of damages only, after a verdict has been set aside for excessiveness, is not countenanced by our practice.

Resourceful counsel for plaintiff argue that the motion for partial summary judgment should have been allowed under Rule 44 of the Circuit Court, effective June 1, 1969, which provides for summary judgment, in whole or in part, when it is made to appear to the court that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. They sum up in their reply brief thusly: "(T)he Respondent has had a fair and impartial trial upon the issue of damages. As a matter of law, one of several legal theories—*res judicata,* estoppel by judgment, or law of the case—should prevent plaintiff's being forced to relitigate those issues. Rule 44 is a proper vehicle for enforcing such principles, and the Appellant's motion for summary judgment should have been granted." We do not question the applicability of Rule 44 to a case which, after appeal to the Supreme Court, has been remanded for retrial. However, we must hold that plaintiff's contention as to the legal effect of the verdict, and subsequent proceedings in the cause, is unsound. There is simply no extant judgment against Ford which could support a plea of *res judicata* or form the basis of an estoppel, and there is no extant verdict establishing the amount of damages which plaintiff is entitled to recover against Ford.

> There was no exception to the instructions which allowed the jury to apportion the damages between the defendants, and, although the practice has since

been held to be error, [1] apportionment is the law of the case. However, the amount found against Ford could not survive the unqualified reversal of the verdict and the general remand for a retrial of the issues between plaintiff and this defendant.

Plaintiff contends that since apportionment is the law of this case, it will be impossible to obtain a fair retrial of the issue of damages with only one defendant in court. To say that apportionment is the law of the case means only that neither party can challenge the soundness of the doctrine, *where applicable,* in subsequent proceedings in the same cause. The retrial will be *de novo* against a sole defendant. Hence, the doctrine permitting apportionment of damages between two or more defendants will be inapplicable. It will be the duty of the jury, if Ford is found liable, to ascertain, and declare by its verdict, the full amount of damages to which plaintiff is entitled under the evidence presented at the retrial. The former recovery against Cherokee will be irrelevant to the performance of this duty.

Affirmed.

Moss, C. J., and Lewis and Bussey, JJ., concur.

Littlejohn, J., not participating.

---

[1] *Rourk v. Selvey,* 252 S. C. 25, 164 S. E. (2d) 909 (1968).