0800

Anita Ann Cantrell COX, Respondent v. James Monroe COX, Appellant.

(349 S. E. (2d) 92)

Court of Appeals

*James W. Shaw,* of *Lawrence, Shaw and Boggs,* Spartanburg, *for appellant.*

*Michael E. Spears,* of *Swofford, Poliakoff and Spears,* Spartanburg, *for respondent.*

September 22, 1986.

BELL, Judge:

Anita Cox commenced this action against her former husband, James Cox, for a divorce on the ground of adultery. The family court decree granted the divorce, awarded Mrs.

Cox alimony, child custody and support, and equitable division. Mr. Cox appeals the alimony and equitable division awards and the order to pay marital debts. He also contends the court failed properly to identify and value marital assets and he attacks the decree under Rule 27(C).[1] We affirm.

Anita and James Cox were married in 1961. They had two children who were eighteen and twelve at the time this action was commenced. Mrs. Cox worked as a secretary and bookkeeper for a certified public accountant from 1959 through 1965. In addition, from about 1962 until 1984 she performed clerical and bookkeeping services, mostly without salary, for various house moving businesses in which her husband held an interest.

The couple previously separated on five occasions, due to Mr. Cox's adultery. The final separation occurred in May 1983. Mrs. Cox commenced this action in May 1984. She was awarded *pendente lite* relief, including temporary support and custody. Mr. Cox was ordered to pay seven credit card debts.

The final decree was issued in October 1984. It granted Mrs. Cox $1,250 monthly alimony, child custody and $600 monthly child support, and a 45% equitable division of marital assets, including possession of the marital home, furnishings, one car, a rental house, and a cash payment of $2,253. She also received a portion of her attorney's fees and costs. Mr. Cox received a 55% equitable division, including his company, two rental houses, six lots, his portions of three additional houses, and one automobile. He was also ordered to retire the seven credit card debts.

I.

Although Mr. Cox argues five issues on appeal, four of these issues present the sole question of whether the trial judge rendered a decree unsupported by the evidence at trial. Mr. Cox argues the alimony award and equitable division were unsupported by the evidence, that the court erred in failing to identify and value marital assets, and that the decree violated Rule 27(C).

---

[1] Rules of Practice for the Family Courts of the State of South Carolina.

Rule 27(C), as Mr. Cox points out, requires the order to set forth the salient facts and conclusions of law on which it is based. We have examined the record and the order and find Mr. Cox's arguments to be without merit.

Mrs. Cox presented a C.P.A. as an expert witness at trial. This witness attempted, following examination of the Company's books and Mr. Cox's tax returns, to derive an amount of Mr. Cox's income and net worth. He estimated the family income in 1983 was $66,691.95. This determination was complicated by the fact that the family's household expenses were paid out of the company bank account. The witness also testified that, in his opinion, the total income was not reflected on the tax returns or on the company's books. Mrs. Cox testified her husband kept large sums of cash which had not been recorded in the books. Upon cross examination, Mr. Cox indicated he could not remember if he received this additional cash. When asked specifically, he did not deny keeping cash not recorded in his books.

Mr. Cox, although listing a monthly income of $1,731.75 on his financial declaration, testified he was unsure how he had arrived at that figure. When questioned about the value of his business, he replied, "It's worth everything I've got." The following testimony is indicative of Mr. Cox's responses to questions regarding his income:

> Mr. Spears: "So anything I've asked you about your income or your expenditures or your business, [if it] had to do with financial figures, your answer would be you really don't know. Is that right?"
> Mr. Cox: "That's true."

The only evidence Mr. Cox presented regarding his finances was an unverified, unsworn listing of the family's bills. His financial declaration omitted the facts, as brought out on cross examination, that Mr. Cox had a net value of $130,000 in real property and owned personal property associated with his business. He additionally failed to list his debts on the financial declaration. When Mrs. Cox's attorney suggested having the business and personal property appraised, Mr. Cox objected to the idea.

The court's order contained a factual finding that Mr. Cox's financial declaration was totally inaccurate and not

representative of his income. The court, however, proceeded to value and distribute marital assets based on the evidence before it, citing *Atkinson v. Atkinson*, 279 S. C. 454, 309 S. E. (2d) 14 (Ct. App. 1983).

Mr. Cox, after making no effort to cooperate in identifying and valuing his assets and income, cannot now argue the decree is unsupported by the evidence. A party cannot complain of an error which his own conduct had induced. *Shearer v. DeShon*, 240 S. C. 472, 126 S. E. (2d) 514 (1962). Under the difficult circumstances of this case, the trial judge made as complete findings and conclusions as he was able. The burden is on Mr. Cox to demonstrate the trial court committed reversible error. *Duckett v. Payne*, 279 S. C. 94, 302 S. E. (2d) 342 (1983). He has pointed to no evidence of record that conclusively demonstrates the trial judge's findings are incorrect. In addition, Mr. Cox must show that an error was prejudicial to him. *Gardner v. Gardner*, 253 S. C. 296, 170 S. E. (2d) 372 (1969). This Court will not reward a party's recalcitrant and obstructionist conduct at trial by overturning the decree for technical noncompliance with Rule 27(C).

## II.

Mr. Cox also argues the court erred in ordering him to pay off seven credit card accounts. He contends the issue of payment of these debts was neither raised in Mrs. Cox's pleadings nor proved at trial.

Mrs. Cox's prayer for equitable division and spousal support necessarily required the court to consider marital debts. One of the factors considered in an alimony award is the financial status of the appellant. *Atkinson v. Atkinson, supra.* In addition, in determining equitable division the court must consider the debts and liabilities of the parties to the marriage. *Shaluly v. Shaluly*, 284 S. C. 71, 325 S. E. (2d) 66 (1985). Thus, the issue of marital debts was within the scope of relief requested by Mrs. Cox.

Additionally, Mr. Cox has not properly preserved the issue of payment of debts. Mr. Cox was ordered *pendente lite* to pay these seven credit card bills "in a timely and current fashion" as a portion of unallocated support. Mrs. Cox testified at trial that she continued to receive bills from these

charge accounts. She could not testify as to the amounts owed. Mr. Cox introduced into evidence a list of debts, including the credit card accounts. He did not contend at trial that he was not liable to pay these debts. An issue not raised in the trial court will not be considered on appeal. *Cudd v. John Hancock Mutual Life Insurance Co.,* 279 S. C. 623, 310 S. E. (2d) 830 (Ct. App. 1983).

Finally, Mr. Cox presented no evidence at trial to show the trial court erred in making him responsible for these debts rather than the wife. As we noted previously, the burden to show prejudicial error was on Mr. Cox. *Gardner v. Gardner, supra.* In this issue also, Mr. Cox is attempting to argue insufficiency of evidence to support his claim. Since he failed to offer sufficient proof to entitle him to relief, Mr. Cox has demonstrated no reversible error in the matter of the marital debts.

For the reasons stated, the decree of the family court is

Affirmed.

SANDERS, C. J., and SHAW, J., concur.