24397

In the Matter of Joe R. MORRISON. In re Petition for allowance of claim of Barbara J. BUTTON, wherein Barbara J. Button is, Appellant, and The Estate of Joe R. Morrison, By and Through its Personal Representative J. Edward Holler is, Respondent.

(468 S.E. (2d) 651)

Supreme Court

*James T. McLaren* and *C. Dixon Lee, III,* both of *McLaren & Lee,* Columbia, *for Appellant.*

*Stanley G. Freeman,* of *Holler, Olive, Dennis, Corbett & Garner;* and *James B. Richardson, Jr.,* of *Svalina, Richardson & Smith,* Columbia, *for Respondent.*

Heard Feb. 8, 1996.

Decided Mar. 25, 1996.

MOORE, Justice:

This appeal is from an order of the circuit court[1] disallowing appellant's (Button's) claim against the estate of Joe R. Morrison. We affirm.

## FACTS

In 1982, a daughter was born out-of-wedlock to Button and Joe Morrison in New Mexico. Morrison acknowledged paternity and contributed to the support of Button and the child. In 1983, Button and the child moved to South Carolina. By 1987, however, the relationship between Button and Morrison had deteriorated and Button commenced an action in family court seeking child support and other relief.

Before Morrison served his answer, the parties attempted to negotiate a settlement. A hearing was held in family court on August 6, 1987, for approval of a settlement agreement. Button appeared at the hearing and expressed her reservations about the proposed settlement. Despite Button's initial protestations, she finally agreed with the family court that it was fair and gave her "voluntary" consent.

The next day, Button's counsel contacted the family court and advised that his client felt pressured and was not willing to honor the agreement. The family court ordered counsel to continue preparing the settlement order as instructed. On August 12, a final order and decree was entered based on the settlement agreement. The order provided, among other things, that Morrison was to pay $1,000 per month in child support and maintain a life insurance policy in the amount of $100,000 for the child's benefit.

Meanwhile, Button consulted another lawyer and on August 10, before entry of the family court's order, she filed with the family court a notice dismissing the action pursuant to Rule 41(a)(1), SCRCP.

After issuance of the family court order on August 12, Button timely appealed on the ground the family court had no jurisdiction to enter this order after her dismissal of the action. While the appeal was pending, Morrison died. Button then

---

[1] The case was transferred from probate court to circuit court.

withdrew her appeal. She subsequently commenced this action seeking allowance of her claim for $100,000 against Morrison's estate on the ground Morrison had failed to maintain a life insurance policy in this amount for the child's benefit as ordered by the family court in its August 12 order.

The circuit court ruled the family court order was void since the family court had no subject matter jurisdiction after Button's voluntary dismissal was filed on August 19.[2] Accordingly, the circuit court held Button's claim for $100,000 was properly disallowed by Morrison's estate.

## ISSUE
Was Button's voluntary dismissal timely?

## DISCUSSION
Rule 41, SCRCP, provides in pertinent part:

**(a) Voluntary dismissal: Effect thereof.**

(1) *By plaintiff; By stipulation.* Subject to the provisions of Rule 23(c) [class action not dismissed without court approval], of Rule 66(a) [action by receiver not dismissed except by court order], and of any statute, an action may be *dismissed by the plaintiff* without order of the court (A) *by filing and serving a notice of dismissal at any time before service by the adverse party of an answer or motion for summary judgment, whichever first occurs,* or (B) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

\*　\*　\*　\*　\*　\*

**(c) Dismissal of Counterclaim, Cross-Claim or Third Party Claim.** The provisions of this rule apply to the dismissal of any counterclaim, cross-claim, or third-party claim. A voluntary dismissal by the *claimant* alone pursuant to paragraph (1) of subdivision (a) of this rule

---

[2] This ruling is the law of the case since it is not contested on appeal. *Toyota of Florence, Inc. v. Lynch,* 314 S.C. 257, 442 S.E. (2d) 611 (1994); *Mickle v. Blackmon,* 255 S.C. 136, 177 S.E. (2d) 548 (1970). Accordingly, we need not decide whether the family court order in this case is void or merely voidable. *See Piana v. Piana,* 239 S.C. 367, 123 S.E. (2d) 297 (1961) (judgment entered without subject matter jurisdiction is void whereas improper exercise of jurisdiction is merely voidable and must be attacked on direct appeal).

shall be made before a responsive pleading is served or, if there is none, before the introduction of evidence at the trial or hearing.

(Emphasis added.) Button contends paragraph (c) modifies paragraph (a)(1) of Rule 41 so that a plaintiff cannot voluntarily dismiss an action pursuant to (a)(1) once evidence has been taken. We disagree.

The limitation of paragraph (c) forbidding voluntary dismissal once evidence has been taken applies only to claimants. The term "claimant" distinctly refers to a party commencing a counter*claim*, cross-*claim*, or third-party *claim*. In contrast, under the plain language of paragraph (a)(1), a plaintiff has an unconditional right to voluntarily dismiss an action anytime before an answer or motion for summary judgment has been served. *Accord Marex Titanic, Inc. v. The Wrecked and Abandoned Vessel*, 2 F. (3d) 544 (4th Cir. 1993) (plaintiff's right to voluntary dismissal under Rule 41(a)(1), Fed. R. Civ. P., is unconditional even where court has already considered evidence). Since no answer or motion for summary judgment had yet been served in this case, Button's voluntary dismissal was timely.

Appellant's remaining arguments are without merit and we dispose of them pursuant to Rule 220(b)(1), SCACR.

Affirmed.

FINNEY, C J., and TOAL, WALLER and BURNETT, JJ., concur.