THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Tammy Rowe, Appellant,
 
 
 

v.

 
 
 
 Advance America, Cash Advance Center & Loletta Buffy Grant, Respondents.
 
 
 

Appeal From Marlboro County
Paul M. Burch, Circuit Court Judge

Unpublished Opinion No. 2006-UP-047
Submitted December 1, 2005  Filed January 20, 2006

APPEAL DISMISSED

 
 
 
 Bonnie Travaglio Hunt and Chalmers Carey Johnson, both of Charleston, for Appellant. 
 Robert L. Widener and Richard J. Morgan, both of Columbia, for Respondents.
 
 
 

PER CURIAM:  Tammy Rowe appeals the trial courts order of dismissal.  We dismiss the appeal as untimely.[1]  
FACTS
In March 2003, Tammy Rowe sued her former employer, Advance America, Cash Advance Center, for wrongful retention of wages, negligent supervision, breach of employment contract, and civil conspiracy.  In addition, she filed suit for slander, false imprisonment, emotional distress, assault and battery, and civil conspiracy against her former co-worker, Loletta Grant.  Advance America and Grant (Respondents) filed a motion to dismiss for failure to state a claim under Rule 12(b)(6), SCRCP.  On July 15, 2003, following a hearing, the trial court granted Respondents motion to dismiss as follows:

 Upon hearing arguments by Counsel and review of the Complaint it appears to the Court that the Complaint needs to be redrafted.  Therefore - Motion to Dismiss is granted without prejudice and Plaintiff may file an Amended Summons and Complaint within thirty (30) days.  And IT IS SO ORDERED.

On August 26, 2003, Rowe filed an amended complaint.  Respondents again filed a motion to dismiss.  The trial court dismissed the amended complaint with prejudice for Rowes failure to abide by the thirty day deadline set in the July 15, 2003 order.  
On October 20, 2003, Rowe filed a motion entitled Plaintiffs Motion for Reconsideration, setting forth numerous grounds for relief from Judgment or Order under Rule 60 or setting aside the Order.  The court denied the motion.  Rowe appeals.
LAW/ANALYSIS
 Rowes appeal to this court is not timely and must therefore be dismissed.[2]  When a Rule 59(e), SCRCP, motion for reconsideration is made, [t]he time for appeal for all parties shall be stayed . . . and shall run from the receipt of written notice of entry of the order granting or denying such motions.  Rule 59(e), SCRCP.  A motion made under Rule 60, SCRCP, however, does not toll the running of the time for appeal.  Otten v. Otten, 287 S.C. 166, 167, 337 S.E.2d 207, 208 (1985).  

 We find Rowes motion was a Rule 60 motion to set aside the order rather than a Rule 59(e) motion for reconsideration.  It is a well-recognized legal concept in South Carolina that motions should be treated based on substance and effect as opposed to how they are styled by the moving party.  See Mickle v. Blackmon, 255 S.C. 136, 140, 177 S.E.2d 548, 549 (1970).  The court must examine the relief sought to understand the true nature of the pleading.  See Standard Fed. Sav. & Loan Assn v. Mungo, 306 S.C. 22, 26, 410 S.E.2d 18, 20 (Ct. App. 1991) (stating it is the substance of the relief sought that matters regardless of the form in which the request for relief was framed).
Although Rowes motion was captioned Plaintiffs Motion for Reconsideration, the motion indicates that it is being made under Rule 60 rather than Rule 59.  The substance of the motion is the contention that the trial court erred in granting the previous motion to dismiss without a hearing.  The prayer for relief seeks to have the order set aside.  If the trial court had granted the relief sought, it would not have merely altered or amended the previous order, but would have set it aside in its entirety.  It would then have been appropriate to hold a hearing on the merits of the motion that resulted in the order dismissing the amended complaint.  Consequently, we conclude that the motion was in sum and substance a Rule 60 motion. 
Because we find the motion was made under Rule 60, we hold Rowes appeal to this court is not timely.  The notice of appeal in a civil action must be served on all respondents within thirty days following receipt of written notice of entry of the order or judgment.  Rule 203(b)(1), SCACR.  The requirement of service of the notice of appeal is jurisdictional.  Elam v. South Carolina Dept of Transp., 361 S.C. 9, 14-15, 602 S.E.2d 772, 775 (2004).  [I]f a party misses the deadline, the appellate court lacks jurisdiction to consider the appeal and has no authority or discretion to rescue the delinquent party by extending or ignoring the deadline for service of the notice.  Id.  Rowe filed the motion in October of 2003.  She therefore had written notice of the dismissal order on or before that date.  She did not serve her notice of appeal to this court until November of 2004.  The appeal is therefore untimely under the South Carolina Rules of Appellate Procedure.
CONCLUSION
Because Rowes appeal is untimely, it is hereby
DISMISSED.
 STILWELL, KITTREDGE, and WILLIAMS, JJ., concur.

[1]  We decide this case without oral argument pursuant to Rule 215, SCACR.     
[2]  Because we find Rowes appeal untimely, we do not address the merits of the appeal.