THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2),
SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 William C. McKinnedy, III, Appellant,
 v.
 South Carolina Department of Corrections, Respondent.
 
 
 

Appeal From the Administrative Law Court
 Ralph K. Anderson, III, Administrative Law Court Judge

Unpublished Opinion No. 2011-UP-209
Submitted May 1, 2011  Filed May 4, 2011   

AFFIRMED

 
 
 
 William C. McKinnedy, pro se, for Appellant.
 Christopher D. Florian, of Columbia, for Respondent.
 
 
 

PER CURIAM:  William C. McKinnedy appeals the Administrative Law Court's (ALC) order summarily dismissing his inmate grievance appeal.  We
affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the ALC erred in summarily dismissing McKinnedy's inmate grievance appeal: S.C. Code Ann. § 1-23-610(B) (Supp. 2010) (limiting
reversal of an ALC decision unless "in violation of constitutional or statutory provisions; . . . affected by other error of law; . . . [or] arbitrary or
capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion"); Slezak v. S.C. Dep't of Corr., 361 S.C. 327,
331, 605 S.E.2d 506, 508 (2004) (holding the ALC has the discretion to summarily dismiss inmate grievance appeals that do "not implicate a state-created
liberty or property interest"); Sandin v. Conner, 515 U.S. 472, 484 (1995) ("[State-created liberty] interests will be generally limited to
freedom from restraint which . . . nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison
life.").
2.  As to all other issues: State v. Al-Shabazz, 338 S.C. 354, 379, 527 S.E.2d 742, 755 (2000) ("Consequently, issues or arguments that were
not raised to and ruled on by the [ALC] ordinarily are not preserved for review."); Cox v. Cox, 290 S.C. 245, 248, 349 S.E.2d 92, 94 (Ct. App. 1986)
(holding that appellant has the burden of showing that an error was prejudicial).
AFFIRMED.
HUFF, WILLIAMS, and THOMAS, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.