**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Mell Woods, Appellant,

v.

Robert H. Breakfield, as Personal Representative of the Estate of Reba P. Hinson, Respondent.

Appellate Case No. 2011-201066

———————————

Appeal From Chester County
Brooks P. Goldsmith, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-256
Submitted May 1, 2013 – Filed June 19, 2013

———————————

**AFFIRMED**

———————————

Mell Woods, of Lancaster, pro se.

B. Michael Brackett, of Moses & Brackett, PC, of Columbia, for Respondent.

———————————

**PER CURIAM:** Mell Woods appeals the circuit court's order affirming the probate court's denial of Woods's motion to remove the personal representative, Robert H. Breakfield, for cause. Woods argues the circuit court erred in (1) proceeding with the appeal without the entire record from the probate court as

required by section 62-1-308(b) of the South Carolina Code, (2) failing to remove Breakfield because he lied under oath, and (3) failing to issue to Woods subpoenas upon his request. We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1. As to whether the circuit court erred in proceeding without the entire probate court record: *McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) (stating a complainant must show error and prejudice to be entitled to relief for a procedural violation); *Cox v. Cox*, 290 S.C. 245, 248, 349 S.E.2d 92, 93-94 (Ct. App. 1986) ("The burden is on [the appellant] to demonstrate the trial court committed reversible error."); *id.* at 248, 349 S.E.2d at 94 (finding appellant was not entitled to relief when he produced no evidence showing the trial court's findings were incorrect or the alleged error prejudiced him); *id.* ("This [c]ourt will not reward a party's recalcitrant and obstructionist conduct at trial by overturning the decree for technical noncompliance with [a rule of civil procedure].").

2. As to the remaining issues: *Cowburn v. Leventis*, 366 S.C. 20, 41, 619 S.E.2d 437, 449 (Ct. App. 2005) ("In order for an issue to be preserved for appellate review, with few exceptions, it must be raised [to] and ruled upon by the trial [court]."); *id.* ("When a trial court makes a general ruling on an issue, but does not address the specific argument raised by a party, that party must make a Rule 59(e) motion asking the trial court to rule on the issue in order to preserve it for appeal."); *I'On, L.L.C. v. Town of Mt. Pleasant*, 338 S.C. 406, 422, 526 S.E.2d 716, 724 (2000) ("If the losing party has raised an issue in the lower court, but the court fails to rule upon it, the party must file a motion to alter or amend the judgment in order to preserve the issue for appellate review.").

**AFFIRMED.**[1]

**FEW, C.J., and GEATHERS and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.