**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Employers Insurance of Wausau, Respondent,

v.

Robert J. Moran and Eric C. Hansen (Defendants),

Eric C. Hansen (Third-Party Plaintiff),

v.

Caldwell Diving Co., Inc. (Third-Party Defendant),

Of whom Eric C. Hansen is the Appellant,

And Employers Insurance of Wausau and Caldwell Diving Co., Inc., are the Respondents.

Appellate Case No. 2008-095691

———————————

Appeal From Georgetown County
James E. Lockemy, Circuit Court Judge

———————————

Unpublished Opinion No. 2013-UP-318
Heard June 3, 2013 – Filed July 10, 2013

———————————

**AFFIRMED**

———————————

Eric C. Hansen, of Tuckerton, N.J., pro se.

Robert W. Achurch, III, and Mary Bass Lohr, both of
Howell Gibson & Hughes, PA, of Beaufort, for
Respondent Caldwell's Diving Co., Inc.; Pope D.
Johnson, III, of Johnson & Barnette, LLP, of Columbia,
for Respondent Employers Insurance of Wausau.

―――――――――

**PER CURIAM:** Employers Insurance of Wausau filed this action against Robert
J. Moran[1] and Eric C. Hansen, asserting entitlement to funds held in escrow by
Moran. Hansen answered, counterclaimed, and cross-claimed, asserting, *inter alia*,
entitlement to the funds. Hansen also filed a third-party action against Caldwell's
Diving Co., Inc. (Caldwell). Hansen appeals numerous trial court orders, including
the grant of summary judgment, the grant of a motion to amend an answer, and an
order granting dismissal. We affirm pursuant to Rule 220(b), SCACR, and the
following authorities:

As to Issue I: *Cox v. Cox*, 290 S.C. 245, 248, 349 S.E.2d 92, 94 (Ct. App. 1986)
(noting an appellant has the burden of showing that any alleged error is
prejudicial).

As to Issue II: S.C. Code Ann. § 15-3-530(1) (2005) (providing that actions for
breach of contract must be commenced within three years); *Christensen v. Mikell*,
324 S.C. 70, 73, 476 S.E.2d 692, 694 (1996) ("[S]tatutory limitations period[s]
begin[] to run when a person could or should have known, through the exercise of
reasonable diligence, that a cause of action might exist in his or her favor, rather
than when a full-blown theory of recovery is developed."); *Davie v. Atkinson*, 281

―――――――――

[1] By letter dated May 14, 2013, Moran's counsel moved this court to (1) remove
him as counsel of record; (2) remove his firm from the list of attorneys of record
for this appeal; and (3) exclude Moran from the caption as a Respondent. At oral
argument, this court took the matter under advisement. After consideration, the
requests are granted. The caption has been adjusted accordingly; this opinion shall
constitute the final notification from this court to Moran's counsel; and we direct
the parties to likewise remove Moran's counsel from the list of attorneys of record
for this appeal.

S.C. 102, 103, 313 S.E.2d 648, 649 (Ct. App. 1984) ("A statute of limitation is an affirmative defense which must be raised by answer."); *Tilley v. Pacesetter Corp.*, 355 S.C. 361, 375, 585 S.E.2d 292, 299 (2003) ("If no request for pre-judgment interest is made in the pleadings, it cannot be recovered on appeal.").

As to Issue III: *Dawkins v. Fields*, 354 S.C. 58, 71, 580 S.E.2d 433, 439-40 (2003) (affirming the grant of summary judgment despite a claim it was premature where further discovery was "unlikely to create any genuine issue of material fact"); *Cox*, 290 S.C. at 248, 349 S.E.2d at 94 (noting an appellant has the burden of showing that any alleged error is prejudicial).

As to Issue IV: *Fairchild v. S.C. Dep't of Transp.*, 398 S.C. 90, 108, 727 S.E.2d 407, 416 (2012) ("A trial court's rulings in matters related to discovery generally will not be disturbed on appeal in the absence of a clear abuse of discretion." (citations omitted)); *Rivera v. Newton*, 401 S.C. 402, 415, 737 S.E.2d 193, 199 (Ct. App. 2012) (finding an issue argued without citation to legal authority in the initial brief is deemed abandoned and will not be considered on appeal).

As to Issue V: Rule 15(a), SCRCP ("[L]eave [to amend pleadings] shall be freely given when justice so requires and does not prejudice any other party."); *Pool v. Pool*, 329 S.C. 324, 328-29, 494 S.E.2d 820, 823 (1998) ("The prejudice Rule 15 envisions is a lack of notice that the new issue is going to be tried, and a lack of opportunity to refute it."); *Pruitt v. Bowers*, 330 S.C. 483, 489, 499 S.E.2d 250, 253 (Ct. App. 1998) ("It is well established that a motion to amend is addressed to the sound discretion of the trial judge, and that the party opposing the motion has the burden of establishing prejudice.").

As to Issues VI, VIII, X, & XI: S.C. Const. art. V, § 9 ("The decisions of the Supreme Court shall bind the Court of Appeals as precedents."); *State v. Cheeks*, 400 S.C. 329, 342, 733 S.E.2d 611, 618 (Ct. App. 2012) (recognizing the court of appeals is bound by the decisions of the supreme court); *Hudson v. Hudson*, 290 S.C. 215, 216, 349 S.E.2d 341, 341 (1986) ("[T]he service and filing of a Notice of Appeal before the filing of timely post-trial motions under Rule 59 [, SCRCP] by any party does not deprive the lower court of jurisdiction to consider the motions."); Rule 203(b)(1), SCACR ("When a form or other short order or judgment indicates that a more full and complete order or judgment is to follow, a party need not appeal until receipt of written notice of entry of the more complete order or judgment."); Rule 220(c), SCACR (noting "[t]he appellate court may affirm any ruling, order, decision or judgment upon any ground(s) appearing in the

Record on Appeal"); S.C. Code Ann. § 39-5-150 (1985) (governing the South Carolina Unfair Trade Practices Act and requiring an action to be filed within three years "after discovery of the unlawful conduct").

As to Issue VII:  S.C. Code Ann. § 15-3-530(1) (2005) (providing that actions for breach of contract must be commenced within three years); *Judy v. Martin*, 381 S.C. 455, 458, 674 S.E.2d 151, 153 (2009) ("Under the law-of-the-case doctrine, a party is precluded from relitigating, after an appeal, matters that were either not raised on appeal, but should have been, or raised on appeal, but expressly rejected by the appellate court."); *Bakala v. Bakala*, 352 S.C. 612, 632, 576 S.E.2d 156, 166 (2003) (holding a family court judge could not overrule the prior unappealed order of another family court judge because it had become law of the case); *In re Morrison*, 321 S.C. 370, 372 n.2, 468 S.E.2d 651, 652 n.2 (1996) (noting an unappealed ruling becomes the law of the case and precludes further consideration of the issue on appeal).

As to Issue IX:  Rule 203(b)(1), SCACR ("When a form or other short order or judgment indicates that a more full and complete order or judgment is to follow, a party need not appeal until receipt of written notice of entry of the more complete order or judgment."); *Cox*, 290 S.C. at 248, 349 S.E.2d at 94 (noting an appellant has the burden of showing an error was prejudicial); *McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) ("Appellate courts recognize - or at least they should recognize - an overriding rule of civil procedure which says: whatever doesn't make any difference, doesn't matter.").

**AFFIRMED.**

**SHORT, WILLIAMS, and PIEPER, JJ., concur.**