**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

John Tomsic, Appellant,

v.

Angel R. Tomsic, Respondent.

Appellate Case No. 2018-000391

———————

Appeal From Richland County
Monét S. Pincus, Family Court Judge

———————

Unpublished Opinion No. 2021-UP-230
Submitted November 2, 2020 – Filed June 23, 2021

———————

**AFFIRMED**

———————

James Ross Snell, Jr., and Vicki D Koutsogiannis, both
of Law Office Of James R. Snell, Jr., LLC, of Lexington,
for Appellant.

Sheila McNair Robinson, of Moore Taylor Law Firm,
P.A., of West Columbia; and Katherine Carruth Goode,
of Winnsboro, both for Respondent.

———————

**PER CURIAM:** In this divorce action, John Tomsic (Husband) appeals the family court's applying collateral estoppel to an *Alford*[1] plea by Husband, which prevented him from testifying concerning the circumstances involved with his conviction. He also appeals the family court's allowing a witness to testify as an expert, valuation and characterization of the marital estate, and ordering Husband to pay attorney's fees and the Guardian ad Litem's (GAL) travel costs. We affirm.

1. Husband argues the family court erred in applying collateral estoppel to his *Alford* plea, preventing him from testifying to the facts and circumstances of his conviction. We adopt the family court's well-reasoned order as to this issue. *See Grosshuesch v. Cramer*, 367 S.C. 1, 6, 623 S.E.2d 833, 835 (2005) (adopting the reasoning set forth in the trial court's order as to some of the issues on appeal); *Byrd v. Livingston*, 398 S.C. 237, 245, 727 S.E.2d 620, 624 (Ct. App. 2012) (adopting the trial court's order as to some issues on appeal). Even assuming arguendo the family court erred in granting Angel R. Tomsic's (Wife's) motion in limine to collaterally estop Husband, it did not prejudice Husband. The family court expressly noted that even if it did not consider the conviction, Wife still presented sufficient evidence to support her claim for divorce on the ground of physical cruelty. Husband does not raise any issue on appeal that relates to other instances of physical cruelty; he only raises the issue regarding the conviction. Accordingly, Husband has not shown prejudice. *See Tipton v. Tipton*, 351 S.C. 456, 458-59, 570 S.E.2d 195, 196 (Ct. App. 2002) (finding when the husband did not appeal a determination by the family court, that ruling was the law of the case); *Cox v. Cox*, 290 S.C. 245, 248, 349 S.E.2d 92, 94 (Ct. App. 1986) (holding the appellant has the burden of showing an error was prejudicial).

2. Husband contends the family court abused its discretion in admitting the testimony of Joshua Huff as an expert witness. He maintains Huff did not meet the requisite criteria to qualify as an expert and was not able to testify that the underlying science was reliable. Even assuming arguendo the family court abused its discretion in allowing Huff's testimony, any error would be harmless. Huff testified about the method he used to retrieve pornography from Husband's computer. Husband eventually admitted he looked at pornography on the computer. *See Bojilov v. Bojilov*, 425 S.C. 161, 178, 819 S.E.2d 791, 800 (Ct. App. 2018) ("When evidence is merely cumulative to other evidence, its admission is harmless and does not constitute reversible error."). Further, Huff's testimony did not prejudice Husband. The family court's order only referenced the pornography in relation to Husband's credibility, finding he had given a false

---

[1] *North Carolina v. Alford*, 400 U.S. 25 (1970).

answer about it in his response to interrogatories. The family court also determined Husband lacked credibility because he had perjured himself about a separate matter during his deposition, he was reluctant to admit his dishonesty at trial, and he showed no genuine remorse for the deceit. Additionally, the family court found Husband's behavior during his testimony at trial was inappropriate. Accordingly, the exclusion of Huff as an expert witness would not have changed any outcome. *See McCall v. Finley*, 294 S.C. 1, 4, 362 S.E.2d 26, 28 (Ct. App. 1987) ("Appellate courts recognize—or at least they should recognize—an overriding rule of civil procedure which says: whatever doesn't make any difference, doesn't matter."); *Cox*, 290 S.C. at 248, 349 S.E.2d at 94 (holding the appellant has the burden of showing an error was prejudicial).

3. Husband asserts the family court erred in its valuation and characterization of the marital estate. He argues the family court incorrectly valued certain items. He also maintains the family court erred in not crediting him for the mortgage payments he made during the separation when Wife was living in the home. He also contends the family court erred in classifying (1) the 2015 tax refund as marital property because Wife had a tax debt and (2) a $5,000 wire transfer as it was an annual gift from family members excluded by the prenuptial agreement. We find Husband abandoned these issues. *See R & G Constr., Inc. v. Lowcountry Reg'l Transp. Auth.*, 343 S.C. 424, 437, 540 S.E.2d 113, 120 (Ct. App. 2000) ("An issue is deemed abandoned if the argument in the brief is only conclusory."); *State v. Colf*, 332 S.C. 313, 322, 504 S.E.2d 360, 364 (Ct. App. 1998) (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned), *aff'd as modified on other grounds*, 337 S.C. 622, 525 S.E.2d 246 (2000).

4. Husband argues the family court abused its discretion in ordering him to pay attorney's fees. We adopt the family court's order as to Husband's argument concerning the factors for awarding attorney's fees. *See Grosshuesch*, 367 S.C. at 6, 623 S.E.2d at 835 (adopting the reasoning set forth in the trial court's order as to some of the issues on appeal); *Byrd*, 398 S.C. at 245, 727 S.E.2d at 624 (adopting the trial court's order as to some issues on appeal). As to Husband's statement that the prenuptial agreement required each party to be responsible for their own attorney's fees and costs, Husband abandoned this argument. *See R & G Constr., Inc.*, 343 S.C. at 437, 540 S.E.2d at 120 ("An issue is deemed abandoned if the argument in the brief is only conclusory."); *Colf*, 332 S.C. at 322, 504 S.E.2d at 364 (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned). Further, this argument is not preserved

for review because Husband never made it at trial.[2]  Husband first raised this in his Rule 59(e), SCRCP, motion.  *See Bodkin v. Bodkin*, 388 S.C. 203, 228, 694 S.E.2d 230, 243 (Ct. App. 2010) (holding "any request at the 59(e) stage of the proceedings was untimely because Wife could have raised it at trial").

5.  Husband contends the family court abused its discretion in ordering Husband to pay the GAL's travel costs.  We find Husband abandoned this issue on appeal.  *See R & G Constr., Inc.*, 343 S.C. at 437, 540 S.E.2d at 120 ("An issue is deemed abandoned if the argument in the brief is only conclusory."); *Colf*, 332 S.C. at 322, 504 S.E.2d at 364 (finding a conclusory, two-paragraph argument that cited no authority other than an evidentiary rule was abandoned).

**AFFIRMED.**[3]

**LOCKEMY, C.J., and KONDUROS and MCDONALD, JJ., concur.**

---

[2] Husband in fact sought attorney's fees from Wife and argued the prenuptial agreement "len[t] nothing to the dispute over . . . attorney['s]s fees."  *See Vaughan v. Kalyvas*, 288 S.C. 358, 362, 342 S.E.2d 617, 619 (Ct. App. 1986) (declining to allow appellants to assert a contrary position on appeal from their concession at trial).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.